**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**DANIEL RAY DOTSON,**

**Plaintiff,**

**v.** **Case No. 3:26-cv-4962-TKW-ZCB**

**OFFICER BLANCHARD, et al.,**

**Defendants.**
______________________________/

# ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 7) and Plaintiff's objections (Doc. 11). Upon de novo review of the issues raised in the objections, the Court agrees with the magistrate judge's determination that this case should be dismissed based on Plaintiff's failure to truthfully disclose his litigation history. *See McNair v. Johnson*, 143 F.4th 1301, 1307–08 (11th Cir. 2025).

The Court did not overlook Plaintiff's argument that his failure to fully disclose his litigation history was unintentional and that the Court should accept his proposed amended complaint (Doc. 11) that purportedly includes a complete listing of his litigation history. However, "allowing Plaintiff to amend his complaint at this point would amount to no penalty for his inexcusable failure to disclose his litigation history and would not serve as a deterrent to Plaintiff and others from falsely

answering the questions on the civil rights complaint form." *Merritt v. Dep't of Corr.*, 2020 WL 6703794, at *1 (N.D. Fla. Nov. 13, 2020); *see also Wromas v. Cromartie*, 2022 WL 1450704, at *1 (N.D. Fla. May 9, 2022) (citing multiple cases for the proposition that "[t]he Court cannot simply allow [the prisoner] to file an amended complaint listing the omitted case because that would not be an adequate sanction or deterrent"). Thus, if Plaintiff wants to pursue the claims in the proposed amended complaint, he will need to file a new action.[1]

Accordingly, it is ORDERED that:

1. The Report and Recommendation is adopted and incorporated by reference into this Order.

2. This case is DISMISSED without prejudice under the Court's inherent authority based on Plaintiff's failure to truthfully disclose his litigation history.

3. All pending motions are DENIED as moot.

4. The Clerk shall enter judgment in accordance with this Order and close the case file.

[1] If Plaintiff files a new action, he will need to list this case (along with all others) in response to the litigation history questions on the complaint form.

**DONE and ORDERED** this 13th day of October, 2026.

**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**